UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------X
DAVID SPENCER,

        Plaintiff,

   -against-

**ORDER**
16-CV-3603 (JMA)(SIL)

ARMOR CORRECTIONAL HEALTH, INC.,

        Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

   David Spencer
   DIN # 17A0474
   Mid-State Correctional Facility
   P.O. Box 2500
   Marcy, NY 13403
      *Pro Se Plaintiff*

   John J. Doody
   Lewis Brisbois Bisgaard & Smith LLP
   77 Water Street, Suite 2100
   New York, NY 10005
      *Attorney for Defendant*

**AZRACK, United States District Judge:**

     Incarcerated pro se plaintiff David Spencer brings this action against defendant Armor Correctional Health Services of New York, Inc. ("Armor"). In his complaint, plaintiff alleges, pursuant to 42 U.S.C. § 1983 ("Section 1983"), that defendant was deliberately indifferent to his medical needs in violation of the Eighth Amendment of the United States Constitution. Plaintiff commenced this action on June 17, 2016. (See Complaint ("Compl.") at 1.)

     Presently before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons stated below, Armor's motion to dismiss is GRANTED.

1

## I. BACKGROUND

As required in the context of this motion to dismiss, the factual allegations in the complaint are accepted as true for the purposes of this motion, and all reasonable inferences are drawn in favor of the plaintiff.

Plaintiff, a former inmate at the Nassau County Correctional Center ("NCCC"), alleges that he suffers from kidney stones and extreme pain as a consequence of the medication that he was prescribed for excessive urination. (Compl. at 4.) Plaintiff claims that he "received no medical treatment [for these ailments] that has help [sic] me in any way." (Id.) Armor is a private company that provides medical treatment at NCCC. (Armor's Memorandum of Law in Support of Their Motion to Dismiss the Complaint ("Def.'s Br.") at 5, 15, ECF No. 26.)

In April 2016, plaintiff "started to urinate alot [sic]." (Compl. at 4.) Armor nurses and doctors administered blood and urine tests—all of which came back normal—and in late April or early May, prescribed plaintiff Oxybutynin (a medication used to treat overactive bladder). (Id.) A few days later, plaintiff claims that he lost the ability to urinate. (Id.) Shortly thereafter, plaintiff met with an Armor nurse, who plaintiff alleges told him to stop taking his medication. (Id. at 5.) On May 3, 2016, plaintiff submitted his first "sick call request" to Armor, complaining of "excess pain" on "my right & [sic] left side." (Id. at 14.) Plaintiff submitted six more sick call requests that month, complaining of persistent pain and excessive urination, and requesting to see an "outside doctor." (Id. at 8-14.) Plaintiff alleges that following blood and urine tests taken that month, Armor doctors informed him on May 25 or 26, 2016 that he had kidney stones. (Id. at 5.) Additionally, plaintiff claims that he asked for, but did not receive, pain medication for his condition. (Id.)

On May 22, 2016, plaintiff submitted a New York State Commission of Correction Inmate Grievance Form to a grievance coordinator, complaining of "extreme pain" and requesting to see an "outside doctor or specialist." (Compl. at 15.) On June 2, 2016, this request was denied on the merits by the grievance coordinator because "the facility physician has denied the request for a [sic] examination by an office physician . . . grievant has been [illegible] by different facility medical professionals and Inb [sic] work as well as an x-ray was performed." (Id.)

On June 3, 2016, plaintiff submitted a New York State Commission of Correction Inmate Grievance Form Part II, appealing the denial to the Chief Administrative Officer ("CAO"). (Compl. at 17.) On June 6, 2016, the CAO denied this appeal on the merits, citing the fact that the "request is beyond the scope of authority of the CAO." (Id.)

On June 8, 2016, plaintiff appealed the decision of the Chief Administrative Officer to the Citizen's Policy and Complaint Review Council ("CPCRC") at the Commission of Correction. (Compl. at 2, 17.) The next day, on June 9, 2016, plaintiff signed and delivered the complaint in the instant case to prison authorities to be mailed to the United States District Court for the Eastern District of New York. (Id. at 6.) Plaintiff states in his complaint he "still [hasn't] heard anything back" regarding the Commission of Corrections appeal. (Id. at 2.) Plaintiff's complaint was filed on June 17, 2016.

On August 4, 2017, Armor served its motion to dismiss on plaintiff, arguing that he failed to exhaust his administrative remedies and that, on the merits, he failed to allege any plausible claims. (See Def.'s Br.) On September 18, 2017, plaintiff filed opposition papers in which he reasserts the allegations in his complaint and provides additional factual allegations regarding his Section 1983 claim. (Plaintiff's First Response to Armor's Motion to Dismiss ("Pl.'s First Resp.") at 1-3, ECF No. 29.) Plaintiff additionally argues that he did indeed exhaust his administrative

remedies, that "grievance[s] [are] suppose to be forward [sic] to albany but a lot of times they were being thrown out," and that his grievance was ultimately "denied by Albany." (Id. 1-2.) Plaintiff additionally filed a second response to defendant's motion to dismiss on January 25, 2018, arguing again that he exhausted his administrative remedies, and that he was "denied by Albany." (Plaintiff's Second Response to Armor's Motion to Dismiss ("Pl.'s Second Resp.") at 1, ECF No. 31.)

## II. DISCUSSION

### A. Standard Applicable on Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-9 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). District courts are "obligated to construe pro se complaint[s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

In the context of a Rule 12(b)(6) motion to dismiss, courts are generally limited to considering the allegations set forth in the pleadings. Courts, however, may also consider matters outside of the pleadings under certain circumstances. Specifically, a court may consider: (1)

4

documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and are, thus, rendered "integral" to the Complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-3 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

## B. Exhaustion of Administrative Remedies

### 1. Standard

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides: "no action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Hill v. Curcione, 657 F.3d 116, 124 (2d Cir. 2011) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)). To properly exhaust administrative remedies, a prisoner must "'complete the administrative review process in accordance with the applicable procedural rules'—rules that are not defined by the PLRA, but by the prison grievance process itself." Espinal v. Goord, 558 F.3d 119, 124 (2d Cir. 2009) (quoting Jones v. Bock, 549 U.S. 199, 218 (2007)). PLRA exhaustion must be satisfied "*before* the courts can act on an inmate-plaintiff's action." Messa v. Goord, 652 F.3d 305 (2d Cir. 2011) (citation omitted). A district court "may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." Williams v. Correction Officer Priatno, 829 F.3d 118, 122 (2d Cir. 2016) (internal citations omitted).

5

Although exhaustion is mandatory, courts must also consider the PLRA's textual "unavailability" exception. See Williams, 829 F.3d at 123. Administrative remedies may be "unavailable" under three conditions. First, a remedy is unavailable when "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates.'" Id. (quoting Ross v. Blake, 136 S. Ct. 1850, 1859 (2016)). Second, "'an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . no ordinary prisoner can discern or navigate it.'" Id. Third, an administrative remedy is unavailable when "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" Id. at 123-24.

**2. Analysis**

   i. *NCCC's Grievance Procedure*

Plaintiff does not dispute that NCCC has made the following three-step formal grievance procedure available to inmates:

- An inmate with a grievance may (but is not required to) attempt to resolve a grievance in an informal matter.

- If dissatisfied with this process, he may file a grievance form to be reviewed by the Grievance Coordinator within five days of the incident giving rise to the grievance.

- The Grievance Coordinator is required to make a written determination within five days.

- If an inmate is dissatisfied with the Grievance Coordinator's determination, the inmate may appeal to the Chief Administration Officer within two days.

- If the appeal results in an unfavorable decision, an inmate may indicate his desire to appeal this determination to the State Commission of Correction within three days, and the matter is then referred to the CPCRC.[1]

---

[1] Although plaintiff does not dispute the existence and terms of NCCC's grievance procedure outlined above, defendant has not submitted a copy of the procedure into the record. Instead defendant refers the Court to Young v. Sposato, No. 12-CV-2850, 2014 WL 109083, at *5 n.6 (E.D.N.Y. Jan. 13, 2014), (see Def.'s Br. at 11), wherein the district court observed that "courts consistently have accepted the provisions of NCCC's grievance procedure in

6

- The CPCRC shall issue a written determination to the appeal within 45 business days of receipt of the appeal.

Medina, 2013 WL 4832803, at *2; Young, 2014 WL 109083, at *3; N.Y. Comp. Codes R. & Regs. tit. 9, § 7032.5(d)(1).

      ii.  *Plaintiff's Failure to Exhaust*

Here, although plaintiff argues otherwise, it is evident from the face of the complaint that plaintiff failed to exhaust his administrative remedies. On June 9, 2016, plaintiff signed and delivered his complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York. (Compl. at 6.) The form complaint used by the plaintiff asked, "[d]id you present the facts relating to your complaint in the prisoner grievance procedure . . . . If your answer is YES, [w]hat steps did you take?" (Compl. at 2.) Plaintiff responded: "grievance then it went to chief administrative officer and finally to commission of corrections . . . . [S]till hav'nt [sic] heard anything back." (Id.) By admitting that his CPCRC appeal was still pending at the time he signed and mailed his complaint—a mere *one* day after his appeal was submitted on June 8, 2016, and with forty-four days remaining for the CPCRC to issue a determination—plaintiff makes clear that he did not satisfy the PLRA's exhaustion requirement. See Rodriguez v. Favro, No. 14-CV-0418, 2016 WL 1253848, at *5 (N.D.N.Y. Mar. 9, 2016) (report and recommendation) adopted by 2016 WL 1261120 (N.D.N.Y. Mar. 30, 2016) (holding that plaintiff failed to exhaust administrative remedies because he filed his complaint "well prior to expiration of the forty-five business days time within which the CPCRC is supposed to decide appeals to that

---

adjudicating prisoner claims." The Young court, which describes the provisions of NCCC's procedure in detail, see id at *2-3, in turn, refers to Medina v. Nassau Cty. Sherriff Dep't, No. 11-CV-228, 2013 WL 4832803, at *5 (E.D.N.Y. Sept. 10, 2013), which also recounts NCCC's procedures. Notably, plaintiff's New York State Commission of Correction Inmate Grievance Forms, which he submitted with his complaint, (see Compl. at 15-17), are completely consistent with the procedures outlined in Medina and Young. See Young, 2013 WL 4832803, at *3 n.4; see also Henrius v. Cty. of Nassau, No. 13-CV-1192, 2016 WL 1296215, at *6-7 (E.D.N.Y. Mar. 31, 2016) (describing NCCC grievance procedures and citing N.Y. Comp. Codes R. & Regs., tit. 9, §§7032.2; 7032.4; 7032.5).

7

body"); see also Pierre-Louis v. Martinez, No. 12-CV-2240, 2014 WL 4161960, at *4-5 (E.D.N.Y. Aug. 19, 2014) (finding that non-exhaustion was apparent from the face of the complaint because plaintiff signed his complaint three weeks after filing a grievance and indicated that he was "still waiting" for a response to his grievance); Medina, 2013 WL 4832803, at *5 (noting that plaintiff signed his complaint three days after filing his grievance, and that there was "simply no scenario" in which plaintiff could have received a final determination on his grievance within three days).

Moreover, plaintiff's failure to exhaust may not be excused under the unavailability exception. In his response to defendant's motion, plaintiff does not argue that he was "unaware of the grievance procedures or did not understand it." Belile v. Griffin, No. 11-CV-0092, 2013 WL 1776086, at *8 (N.D.N.Y. Feb. 12, 2013) (report and recommendation), adopted by No. 11-CV-0092, 2013 WL 1291720 (N.D.N.Y. Mar. 27, 2013) (citation omitted). Nor does he allege he was thwarted from taking advantage of the grievance process. See Williams, 829 F.3d at 123-24. Instead, plaintiff asserts, in opposition to the motion, that "a lot [sic] of times [grievances] were being thrown out." (Pl.'s First Resp. at 1.) Plaintiff does not allege that *his* grievance was discarded and in fact states that his grievance was ultimately "denied by Albany." (Pl.'s First Resp. at 2; Pl.'s Second Resp. at 1.) Thus, plaintiff's allegations do not excuse his failure to exhaust his administrative remedies.

Because the Court finds that the complaint must be dismissed for failure to exhaust, the Court does not reach the question of plaintiff's alleged failure to state a claim. Accordingly, the Court grants defendant's motion to dismiss without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). See Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002) ("If a district court

8

dismisses a prisoner's complaint for failure to exhaust administrative remedies, it should do so without prejudice.").

## C. <u>Leave to Amend</u>

The Second Circuit has cautioned that, where a liberal reading of a <u>pro se</u> complaint "gives any indication that a valid claim might be stated," district courts should not dismiss the complaint without granting leave to amend. <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted); <u>see</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, "leave to amend a complaint need not be granted when amendment would be futile." <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003); <u>see</u> <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a "futile request to replead," even by a pro se litigant, "should be denied."). Granting leave to amend unexhausted claims would be "futile because plaintiff cannot cure the stated deficiencies." <u>Chin v. Burnstein</u>, No. 15-CV-7860 VB, 2017 WL 1169670, at *11 (S.D.N.Y. Mar. 28, 2017).

In this case, it is apparent from the face of the complaint that plaintiff failed to exhaust the required NCCC remedies prior to initiating this action. Therefore, granting leave to amend his complaint would be futile. <u>Diggs v. Marikah</u>, No. 11-CV-6382, 2013 WL 227728, at *6 (S.D.N.Y. Jan. 22, 2013) (denying leave to amend where non-exhaustion is clear from the face of the complaint). Furthermore, although plaintiff alleges that his CPCRC appeal was ultimately "denied by Albany," (Pl.'s First Resp. at 2), "district courts have dismissed complaints because the plaintiff had failed to exhaust administrative remedies at the time of filing—even where the plaintiff actually exhausted those remedies prior to the dismissal." <u>Curry v. Mazzuca</u>, No. 02-CV-4477, 2004 WL 2368013, at *3 (S.D.N.Y. Oct. 22, 2004) (citation omitted). "[P]ost-exhaustion amendment of pleadings filed originally before exhaustion to reflect that exhaustion has become

complete cannot cure the original non-exhaustion defect." Kasiem v. Switz, 756 F. Supp. 2d 570, 575 (S.D.N.Y. 2010) (citation omitted). Accordingly, plaintiff's complaint merits dismissal, rather than leave to amend. This dismissal is without prejudice—in the event that plaintiff has exhausted his administrative remedies fully, he may file a new complaint alleging the claims at issue.

### III. CONCLUSION

For the foregoing reasons, defendant Armor's motion to dismiss is GRANTED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case and mail a copy of this order to the pro se plaintiff.

**SO ORDERED.**

Date: June 25, 2018
Central Islip, New York

                                                                 /s/ (JMA)
                                                          Joan M. Azrack
                                                          United States District Judge